UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFF DAVIS and TARA DAVIS, and each of them, | ) ) ) |
| Plaintiffs, | ) NO. ) |
| v. | ) COMPLAINT FOR DAMAGES ) |
| THE CITY OF PACIFIC and J. NIXON, and each of them. | ) ) ) |
| Defendants. | ) ) |

COMES NOW the Plaintiffs and allege as follows:

I.   PARTIES

1. Plaintiffs are Jeff Davis and Tara Davis.  Plaintiffs are husband and wife, have lived together and at all times material to this cause, and have been residents of King County, State of Washington.

2. Defendant City of Pacific is a duly constituted Municipality pursuant to the laws of the State of Washington.

3. Defendant J. Nixon is, on information and belief, a commissioned police officer employed by defendant City of Pacific.

COMPLAINT - 1

LAW OFFICE OF
**Michael Schwartz, P.S.**
A PROFESSIONAL SERVICES CORPORATION

1001 FOURTH AVE PLAZA  SUITE 2120
SEATTLE, WASHINGTON 98154
PH. (206) 340-0990  FAX (206) 464-9555

## II. JURISDICTION AND VENUE

4. This court has personal and subject matter jurisdiction over the Plaintiffs' civil rights claims under 42 U.S.C. § 1983.

5. This court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as they arise out of the same nucleus of operative facts as the federal civil rights claims.

6. The incidents set forth herein and which are the subject of this Complaint occurred in Pacific, Washington.

7. Pursuant to the Revised Code of Washington, Plaintiff timely filed claims for damages with Defendant City of Pacific and has waited the required period of time before engaging this action. Venue and jurisdiction are therefore proper in this court.

## III. MATERIAL FACTS

8. On December 30, 2008, at approximately 5:17 p.m. defendant Nixon was working as a police officer with the City of Pacific. He was in uniform and driving a marked police unit. Nixon saw a vehicle being driven by an individual later identified as plaintiff Jeff Davis. A second individual in the vehicle was later identified as plaintiff Tara Davis.

9. Defendant Nixon checked what he believed to be the license plate number for the Davis vehicle. Nixon acknowledged in a report he prepared at a later time that the license plate was partially obstructed by a trailer hitch and that he "ran the plate as [he] saw it". The vehicle, based on the license plate as checked, was listed as stolen.

COMPLAINT - 2

LAW OFFICE OF
MICHAEL SCHWARTZ, P.S.
A PROFESSIONAL SERVICES CORPORATION

1001 FOURTH AVE PLAZA SUITE 2120
SEATTLE, WASHINGTON 98154
PH (206) 340-0990 FAX (206) 464-9555

10. Nixon checked the license plate with his dispatch and was advised the vehicle was a "possible stolen vehicle."

11. Based on this information, Defendant Nixon, together with other police units and officers, effected a "high risk vehicle stop" of the Davis vehicle. Multiple officers, including Nixon, drew their service weapons, pointed the weapons at both plaintiffs, and gave orders to both plaintiffs. Plaintiff Jeff Davis was ordered out of the vehicle and onto the ground at gun point. Plaintiff Jeff Davis was handcuffed on the ground. Plaintiff Tara Davis was subject to the control and direction of the officers at the scene during this time.

12. Defendant Nixon acknowledged after the fact that he had not been certain of the actual license plate number and that he had made an incorrect assumption regarding the actual plate number when he requested a status check.

13. When the correct license plate belonging to the Davis vehicle was checked police discovered it was not a stolen vehicle.

14. Neither Jeff nor Tara Davis had any outstanding criminal warrants. Police had no probable cause to believe any crime had been committed by either plaintiff. There was no lawful basis to arrest either Jeff or Tara Davis.

## IV. PROXIMATE CAUSE AND DAMAGES

15. As a proximate cause of the Defendants' policies and practices, and the acts and omissions of each of their agents and individual defendants, both plaintiffs have suffered violation of their substantive due process rights due to deprivation of liberty interests through the arrest of each without probable cause.

COMPLAINT - 3

LAW OFFICE OF
MICHAEL SCHWARTZ, P.S.
A PROFESSIONAL SERVICES CORPORATION
1001 FOURTH AVE. PLAZA SUITE 2120
SEATTLE, WASHINGTON 98154
PH. (206) 340-0990 FAX (206) 464-9555

16. As to both plaintiffs, violations set forth herein proximately caused physical, financial and emotional injuries, including but not limited to: Health care costs, emotional distress, humiliation, and pain and suffering in amounts to be proven at trial.

### V. COLOR OF STATE LAW AND AGENCY

17. The acts and omissions set out in Section III, above, are repeated and realleged as though fully set forth herein.

18. The acts and omissions contained in ¶¶ 1-15 were engaged in by defendants pursuant to the policies, customs and practices of the Defendant City of Seattle under color of the laws of the State of Washington.

19. At all relevant times, agents of the Defendant City of Pacific described herein were acting under the color of the laws of the State of Washington.

### VI. FIRST CAUSE OF ACTION – FALSE ARREST / VIOLATION OF CIVIL RIGHTS

20. Plaintiff repeats and realleges ¶¶ 1 through 18 as though fully set forth herein.

21. Defendants are liable to each plaintiff for violation of the civil rights of each as guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States, and 42 U.S.C. §1983, based on defendants conducting a false arrest of each plaintiff as set forth herein.

### VII. SECOND CAUSE OF ACTION - FALSE ARREST/STATE LAW CLAIM

22. Plaintiff repeats and realleges ¶¶ 1 through 20 as though fully set forth herein. Defendants are liable to Plaintiff for the tort of false arrest. .

COMPLAINT - 4

LAW OFFICE OF
MICHAEL SCHWARTZ, P.S.
A PROFESSIONAL SERVICES CORPORATION

1001 FOURTH AVE PLAZA SUITE 2120
SEATTLE, WASHINGTON 98154
PH (206) 340-0990 FAX (206) 464-9555

23. In addition to any other basis for liability, the defendant City of Pacific is liable for damages to plaintiffs under the doctrine of *respondeat superior*.

## VIII. THIRD CAUSE OF ACTION – NEGLIGENT HIRING AND SUPERVISION

24. Plaintiff repeats and realleges ¶¶ 1 through 22 as though fully set forth herein.

25. Defendant City of Pacific is liable for damages to both plaintiffs for the negligent hiring and supervision of defendant Nixon.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

26. Accept jurisdiction over plaintiffs' claims;

27. Award plaintiffs damages in amounts to be proven at trial;

28. Award plaintiffs attorneys fees and costs;

29. Award plaintiffs such other and further relief as the Court deems proper.

DATED this 14th day of December 2010

By:   LAW OFFICE OF MICHAEL SCHWARTZ, P.S.

/s/   Michael Schwartz
Michael Schwartz   WSBA No. 11175
Attorney for Plaintiff
1001 Fourth Ave.
Suite 2120
Seattle, Washington  98154
msattyalaw@aol.com
206.340.0990

COMPLAINT - 5

LAW OFFICE OF
MICHAEL SCHWARTZ, P.S.
A PROFESSIONAL SERVICES CORPORATION
1001 FOURTH AVE. PLAZA  SUITE 2120
SEATTLE, WASHINGTON 98154
PH. (206) 340-0990  FAX (206) 464-9555